### Russell v. New York Life Insurance Company.

*Statement of claim—Sufficiency—More than one allegation in a paragraph —Averment to negative suicide in action for life insurance—Motion to strike off or motion for judgment for defendant—Practice Act of May 14, 1915.*

1. Under the Practice Act of May 14, 1915, P. L. 483, a statement of claim in an action on a life insurance policy which contains a paragraph having three very brief sentences, averring that the plaintiff caused written inquiry to be made of the company whether any further proofs of death were desired, to which the latter replied, acknowledging liability to the plaintiff under the policy, and not asking for further proofs of death, is not fatally defective, because these averments were not set forth in separate paragraphs.

2. In an action on a policy of life insurance under which suicide by the insured is not a bar to recovery under the policy, but merely reduces the amount recoverable, an averment in the statement that death was not caused by suicide is not essential.

3. A motion to strike off only goes to the formal regularity of the plaintiff's statement. If the statement fails to show a sufficiently good cause of action to warrant the recovery of anything, that is a fatal defect in matters of substance, and a motion for judgment for the defendant under section 20 of the Practice Act would be the proper proceeding.

Motion to strike off plaintiff's statement. C. P. York Co., Aug. T., 1922, No. 164.

*Niles & Neff,* for plaintiff.

*William S. Snyder* and *Cochran, Williams & Kain,* for defendant.

WANNER, P. J., Dec. 18, 1922.—The defendant's general objection to this statement is that it is not sufficiently concise to meet the requirements of the Practice Act of May 14, 1915, P. L. 483. Paragraphs 7 and 9, however, were

3 D. & C.

the special objects of criticism at the argument of the motion to·strike off the plaintiff's statement. An inspection of the others discloses unusual brevity and directness of expression in their construction.

It is contended that because paragraph 7 is susceptible of being divided into several very brief allegations of single facts, which might be numbered as separate paragraphs respectively, the statement is fatally defective. Paragraph 7 contains three very brief sentences, setting forth consecutively connected facts having reference to the proofs of death which are required to be furnished the defendant. It alleges that the plaintiff caused written inquiry to be made of the company whether any further proofs of death were desired, to which the latter replied, acknowledging liability to the plaintiff under the policy for the sum of $146.65, and not asking for further proofs of death. This paragraph was substantially a single averment of connected facts, which, taken together, would constitute a legal waiver of further death proofs. The plaintiff would only have stated a conclusion of law if he had merely averred that the defendant had waived further death proofs.

To cut up the paragraph into as many separate allegations as may be possible would be the opposite of making it concise, which means "condensed" and "expressing much in few words."

As it now stands, it is easily understood, and can readily be answered. There seems to be no sufficient ground, therefore, for delaying the case by striking off the statement for no useful purpose.

Paragraph 9 is objected to because it does not contain the negative allegation that the plaintiff's death was not a case of suicide. But suicide by the insured is not a bar to the plaintiff's recovery. It only reduces the amount payable under the policy. The statement as it stands is a sufficient allegation of death from natural causes, which entitles the plaintiff to the full amount of the insurance. The defendant may reduce it to a smaller sum at the trial by proof that death resulted from suicide.

The motion to strike off only goes to the formal regularity of the plaintiff's statement. If it fails to show a sufficiently good cause of action to warrant the recovery of anything, that is a fatal defect in matters of substance, and a motion for judgment for the defendant under section 20 of the Practice Act would be the proper proceeding.

Now, to wit, Dec. 18, 1922, the defendant's motion to strike off the plaintiff's statement is overruled and refused.

From Allen C. Weist, York, Pa.